# No. 16-4040

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

THE SCO GROUP, INC.,
by and through the Chapter 11 Trustee in Bankruptcy, Edward N. Cahn,

Plaintiff-Appellant,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendant-Appellee.

On Appeal from the United States District Court for the District of Utah
Hon. David Nuffer, Presiding
Case No. 2:03-CV-00294-DAK

**RESPONSE OF PLAINTIFF-APPELLANT, THE SCO GROUP, INC.,
TO PETITION FOR REHEARING AND REHEARING
EN BANC OF DEFENDANT-APPELLEE,
INTERNATIONAL BUSINESS MACHINES CORPORATION**

David Boies
Edward Normand
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone:  914-749-8200

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone:  954-356-0011

Brent O. Hatch (5715)
HATCH, JAMES & DODGE,
10 West Broadway, suite 400
Salt Lake City, Utah 84101
Telephone 801-363-6363

*Counsel for The SCO Group, Inc., by and through Edward N. Cahn as Chapter 11 Trustee*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

On August 25, 2009, the United States Bankruptcy Court for the District of Delaware appointed Edward N. Cahn, of the law firm of Blank Rome LLP, as Chapter 11 Trustee for Debtor, The SCO Group, Inc. ("SCO"). Pursuant to Federal Rule of Bankruptcy Procedure 2012(a), upon his appointment, the Trustee was automatically substituted for the debtor-in-possession as the party-in-interest in this matter. No parent corporation owns SCO. No publicly held corporation owns 10 percent or more of SCO's stock.

# **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION ..................................................................................................1

I.    THE COPYRIGHT ACT DOES NOT PREEMPT UNFAIR
      COMPETITION CLAIMS BASED ON THE "EXTRA ELEMENT" OF
      BREACH OF A CONFIDENTIAL RELATIONSHIP ................................. 2

      A.    "Bad Faith" Under New York Unfair Competition Law Is Not
            Equivalent to "Scienter" for Purposes of Copyright Preemption. ....... 2

      B.    Courts Look to Substance Over Labels in Assessing Whether the
            Copyright Act Preempts Misappropriation Claims............................. 4

      C.    The Copyright Act Does Not Preempt an Unfair Competition
            Claim Based on Breach of a Confidential Relationship. .................... 7

II.   THE PANEL CORRECTLY HELD THAT SCO'S UNFAIR
      COMPETITION CLAIM CONTAINS THE "EXTRA ELEMENT" OF
      BAD FAITH BREACH OF A CONFIDENTIAL RELATIONSHIP ......... 11

III.  THE CASES IBM CITES DO NOT IN ANY RESPECT
      UNDERMINE THE PANEL'S HOLDING................................................. 13

CONCLUSION ....................................................................................................16

# TABLE OF AUTHORITIES

## Cases

*Allan Dampf, P.C. v. Bloom*,
    127 A.D.2d 719 (N.Y. App. Div. 1987)...................................................3

*Allied Maint. Corp. v. Allied Mech. Trades, Inc.*,
    42 N.Y.2d 538 (1977)......................................................................3

*Am. Movie Classics Co. v. Turner Ent. Co.*,
    922 F. Supp. 926 (S.D.N.Y. 1996).......................................................5

*Balboa Ins. Co. v. Trans Glob. Equities*,
    218 Cal. App. 3d 1327 (Cal. Ct. App. 1990).........................................9

*Barclays Capital Inc. v. Theflyonthewall.com, Inc.*,
    650 F.3d 876 (2d Cir. 2011) ....................................................... 13, 14

*Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) ........................................................8, 10

*Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*,
    No. C-01-20813 RMW, 2007 WL 2429653 (N.D. Cal. Aug. 24, 2007) ..............9

*Comprehensive Cmty. Dev. Corp. v. Lehach*,
    223 A.D.2d 399 (N.Y. App. Div. 1996)................................................3

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
    982 F.2d 693 (2d Cir. 1992) ...................................................... passim

*CVD Equip. Corp. v. PrecisionFlow Techns., Inc.*,
    No. 1:02-CV-651, 2007 WL 951567 (N.D.N.Y. Mar. 27, 2007) .........................8

*Dior v. Milton*,
    155 N.Y.S.2d 443 (N.Y. Sup. Ct. 1956)................................................3

*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*,
    307 F.3d 197 (3d Cir. 2002) ........................................................5, 11

*Electrolux Corp. v. Val-Worth, Inc.*,
  6 N.Y.2d 556 (1959) ................................................................3

*Enhanced Computer Sols., Inc. v. Rose*,
  927 F. Supp. 738 (S.D.N.Y. 1996) ................................................9

*Gates Rubber Co. v. Bando Chemical Indus., Ltd.*,
  9 F.3d 823 (10th Cir. 1993) ................................................ 4, 5, 6, 10

*Harbor Software, Inc. v. Applied Sys., Inc.*,
  887 F. Supp. 86 (S.D.N.Y. 1995) ................................................10

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*,
  82 F.3d 1533 (10th Cir. 1996) ................................................2, 5

*Hogan v. DC Comics*,
  No. 96-CV-1749, 1997 WL 570871 (N.D.N.Y. Sept. 9, 1997) ........................8, 9

*Huckshold v. HSSL, L.L.C.*,
  344 F. Supp. 2d 1203 (E.D. Mo. 2004) ................................................15

*Irwin v. ZDF Enterprises GmbH*,
  No. 04 CIV. 8027 (RWS), 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) .............13

*Kregos v. Associated Press*,
  3 F.3d 656 (2d Cir. 1993) ................................................ 5, 10, 13

*Leo Silfen, Inc. v. Cream*,
  29 N.Y.2d 387 (1972) ................................................3

*Medtech Prods. Inc. v. Ranir, LLC*,
  596 F. Supp. 2d 778 (S.D.N.Y. 2008) ................................................7

*Moneygram Payment Sys., Inc. v. Enter. Payment Sols., LLC*,
  No. 1:05-CV-172, 2008 WL 11342576 (E.D. Tenn. Jan. 18, 2008) ....................9

*N.Y. Racing Ass'n v. Nassau Reg'l Off-Track Betting Corp.*,
  909 N.Y.S.2d 866 (N.Y. Sup. Ct. 2010) ................................................3

*PrecisionFlow Techns., Inc. v. CVD Equip. Corp.*,
  No. 1:99-CV-1536, 2007 WL 844893 (N.D.N.Y. Mar. 19, 2007) ........................8

*Quadrille Wallpapers & Fabric, Inc. v. Pucci*,
No. 1:10-CV-1394 LEK/DRH, 2011 WL 3794238 (N.D.N.Y. Aug. 24, 2011)....7

*R.W. Beck, Inc. v. E3 Consulting, LLC*,
577 F.3d 1133 (10th Cir. 2009)................................................................ 6, 10, 13

*Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. CBS, Inc.*,
672 F.2d 1095 (2d Cir. 1982) .................................................................3

*Schroeder v. Pinterest Inc.*,
133 A.D.3d 12 (N.Y. App. Div. 2015).............................................................3, 4

*Sidney Frank Importing Co. v. Beam Inc.*,
998 F. Supp. 2d 193 (S.D.N.Y. 2014).................................................................2

*Sinclair Broad. Grp., Inc. v. Colour Basis, LLC*,
No. CV CCB-14-2614, 2016 WL 3541204 (D. Md. June 29, 2016)....................9

*Sleppin v. Thinkscan.com, LLC*,
55 F. Supp. 3d 366 (E.D.N.Y. 2014)....................................................................9

*Stromback v. New Line Cinema*,
384 F.3d 283 (6th Cir. 2004) ..............................................................................9

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*,
7 F.3d 1434 (9th Cir. 1993) ..............................................................................10

*Trandes Corp. v. Guy F. Atkinson Co.*,
996 F.2d 655 (4th Cir. 1993) ..........................................................................5, 6

## Other Authorities

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1]
[f][iv] (2017)........................................................................................................4

17 U.S.C. § 504 ...................................................................................................5

28 A.L.R.3d 7 (1969) ..........................................................................................3

Fed. R. App. P. 35(b)(1) ................................................................1

Raymond T. Nimmer, *Law of Computer Technology* § 3:63 (2017) .................6, 10

Plaintiff-Appellant, SCO, respectfully submits this Memorandum in

Opposition to IBM's Petition for Rehearing and Rehearing En Banc.

## INTRODUCTION

SCO's claim for unfair competition is based on IBM's fraudulent

misconduct in connection with a joint venture, called Project Monterey, to develop

and license a UNIX-based operating system (the "IA-64 Product").  SCO alleges –

and, as the Panel found, presents evidence from which a jury could reasonably

conclude – that IBM pretended to proceed with Project Monterey to induce SCO to

contribute its proprietary UNIX ("SVr4") source code to the project, whereupon

IBM took SCO's code and used it in its own AIX for Power operating system.  The

Panel reasoned that (1) SCO's claim is an "independent tort" because it is based on

a "bad faith" breach of a "business relationship in which each reposed a degree of

trust and confidence in the other" and (2) the Copyright Act does not preempt the

claim because such "bad faith" is an "extra element" beyond a copyright claim.

(Order dated Oct. 30, 2017, at 22, 28.)

Omitting the requisite certification that the standards for en banc relief are

met, Fed. R. App. P. 35(b)(1), IBM now contends (at 7-8) that the "bad faith"

element of SCO's claim is merely "scienter" and thus insufficient to avoid

preemption.  This argument ignores the Panel's reasoning that SCO's claim

involves breach of a confidential relationship of trust and that such claims meet the

elements of unfair competition under New York law.  It is well established, in turn, that "unfair competition claims based upon breaches of confidential relationships" do "satisfy the extra element test."  *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992) (cited favorably in *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1543 (10th Cir. 1996)).  Contrary to IBM's refrain (at 1, 7, 8) that "no court has ever ruled a New York unfair competition claim based on misappropriation is not preempted," at least five federal courts have held otherwise.  The petition for rehearing should be denied.

## I.    THE COPYRIGHT ACT DOES NOT PREEMPT UNFAIR COMPETITION CLAIMS BASED ON THE "EXTRA ELEMENT" OF BREACH OF A CONFIDENTIAL RELATIONSHIP

Under the New York common law tort of unfair competition, "a plaintiff must allege that the defendant:  (1) misappropriated the plaintiff's labors, skills, expenditures, or goodwill; and (2) displayed some element of bad faith in doing so."  (Order at 18 (quoting *Sidney Frank Importing Co. v. Beam Inc.*, 998 F. Supp. 2d 193, 209 (S.D.N.Y. 2014)).)

### A.    "Bad Faith" Under New York Unfair Competition Law Is Not Equivalent to "Scienter" for Purposes of Copyright Preemption.

"New York courts have noted the 'incalculable variety' of illegal practices falling within the unfair competition rubric, calling it a 'broad and flexible doctrine' that depends 'more upon the facts set forth . . . than in most causes of action.'"  *Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. CBS, Inc.*, 672

2

F.2d 1095, 1105 (2d Cir. 1982) (citations omitted); *accord CA, Inc. v. Simple.com, Inc.*, 621 F. Supp. 2d 45, 52 (E.D.N.Y. 2009); *Electrolux Corp. v. Val-Worth, Inc.*, 6 N.Y.2d 556, 568 (1959).[1]  The claim encompasses the misappropriation of property in breach of a confidential relationship.  *Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387, 392 (1972) (solicitation of former employer's customers based on "physical taking or studied copying" of customer lists could be enjoined "as an egregious breach of trust and confidence") (citing, *inter alia*, 28 A.L.R.3d 7 (1969)); *see also* 28 A.L.R.3d 7 ("unfair competition" includes "protection against conduct amounting to breach of a trust or confidence").[2]

In *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12 (N.Y. App. Div. 2015), for example, a programmer sued an investor who allegedly stole his ideas for a popular social media website.  The court upheld the programmer's claim for "misappropriation of skills and expenditures."  *Id.* at 30-31.  The court stated that "a plaintiff must allege that a defendant misappropriated plaintiff's labor, skills,

---

[1]     *See also Allied Maint. Corp. v. Allied Mech. Trades, Inc.*, 42 N.Y.2d 538, 542 (1977) ("unfair competition" is a "broader remedy" than narrower claims, such as trademark infringement); *N.Y. Racing Ass'n v. Nassau Reg'l Off-Track Betting Corp.*, 909 N.Y.S.2d 866, 871 (N.Y. Sup. Ct. 2010) (unfair competition "functions to protect 'property rights of commercial value . . . from any form of commercial immorality'"); *Dior v. Milton*, 155 N.Y.S.2d 443, 451 (N.Y. Sup. Ct. 1956) ("There is no complete list of the activities which constitute unfair competition.").

[2]     *Accord Comprehensive Cmty. Dev. Corp. v. Lehach*, 223 A.D.2d 399, 399-400 (N.Y. App. Div. 1996); *Allan Dampf, P.C. v. Bloom*, 127 A.D.2d 719, 719 (N.Y. App. Div. 1987) (citing *Leo Silfen*, 29 N.Y.2d 387).

expenditures or good will, and displayed some element of bad faith," which "can

be established by a showing of fraud, deception, or an abuse of a fiduciary or

confidential relationship." *Id.* at 30.

IBM's one-note conception of the tort of unfair competition in its

preemption analysis is thus mistaken.  Indeed, IBM cites (at 8) certain language in

the Nimmer copyright treatise, but ignores the most pertinent discussion in the

same section on the point at issue:

> As always, however, it is *the underlying reality, rather
> than the label,* that is decisive.  Thus, to the extent that
> the New York tort law of "misappropriation" or
> "commercial immorality" were to require a showing that
> defendant gained access to plaintiff's material through
> abuse of a fiduciary or confidential relationship with the
> plaintiff, then a different result would pertain.  For these
> additional elements, if required, would mean that the
> state-created right is not "equivalent" to a right under the
> Copyright Act, and hence not subject to pre-emption.

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B][1][f][iv]

(2017) (emphasis added).  SCO's claim for unfair competition, as the Panel

reasoned, falls directly under the category that the treatise identifies.

## B.    Courts Look to Substance Over Labels in Assessing Whether the Copyright Act Preempts Misappropriation Claims.

The Panel correctly explained that preemption turns on the "extra element"

test.  (Order at 27 (quoting *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d

823, 847 (10th Cir. 1993)).)  The Copyright Act sensibly preempts state law claims

turning solely on intentional copying because the Act awards heightened damages for "willful" copyright infringement. 17 U.S.C. § 504. Congress did not intend, however, to preempt claims that involve "invasion of personal rights or a breach of trust or confidentiality, that are different in kind from copyright infringement.'" *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002) (quoting House Report No. 94–1476).

The Copyright Act, in short, does *not* preempt all unfair competition claims based on misappropriation. *See, e.g.*, *Kregos v. Associated Press*, 3 F.3d 656, 666 (2d Cir. 1993) (no preemption of "unfair-competition claims based upon breaches of confidential relationships," as opposed to "claims grounded solely in the copying of a plaintiff's protected expression"); *Computer Assocs.*, 982 F.2d at 717 (same); *Am. Movie Classics Co. v. Turner Ent. Co.*, 922 F. Supp. 926, 931 (S.D.N.Y. 1996) (for preemption, "the Court must determine 'what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced'") (quoting *Computer Assocs.*, 982 F.2d at 716).

Accordingly, although the preemption analysis should "compare the elements" of the state law cause of action with the elements of a copyright claim, *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1543 (10th Cir. 1996) (citing, *inter alia*, *Gates Rubber*, 9 F.3d at 847, and *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir. 1993)), the Copyright Act will only

preempt "'a state-created right if that right may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' established by federal law." *Gates Rubber*, 9 F.3d at 847 (quotation omitted).  It follows that "when a state law violation is predicated upon an act incorporating elements *beyond mere reproduction or the like*, the rights involved are not equivalent and preemption will not occur."  *Trandes*, 996 F.2d at 659 (quotation omitted).

This focus on what precise theories and rights the plaintiff pursues particularly holds true with respect to the New York law of unfair competition, which is "a 'broad and flexible doctrine' that depends 'more upon the facts set forth . . . than in most causes of action.'"  *Roy Exp.*, 672 F.2d at 1105 (citations omitted).  Commentators make the same point – namely, that "preemption issues require close analysis of specific allegations," such as for misappropriation, which is "an amalgam of a variety of claims."  Raymond T. Nimmer, *Law of Computer Technology* § 3:63 (2017).  This fine-grained approach accords with this Court's precedent.  In *R.W. Beck, Inc. v. E3 Consulting, LLC*, 577 F.3d 1133 (10th Cir. 2009), for example, this Court looked to plaintiff's "allegations" and reasoned that they may "incorporate elements that extend beyond the scope of copyright" (although it ultimately concluded that the particular allegations in that case did not).  *Id.* at 1148-49.

6

### C.  The Copyright Act Does Not Preempt an Unfair Competition Claim Based on Breach of a Confidential Relationship.

Belying IBM's refrain (at 1,7, 8) about the supposed absence of any such precedent, *many* federal courts have held that the Copyright Act does not preempt an unfair competition misappropriation claim under New York law grounded on a breach of a confidential relationship.

In *Quadrille Wallpapers & Fabric, Inc. v. Pucci*, No. 1:10-CV-1394 LEK/DRH, 2011 WL 3794238 (N.D.N.Y. Aug. 24, 2011), a misappropriation-based unfair competition claim under New York law avoided preemption because "Plaintiff's unfair competition claims against Defendants arise out of Defendant Pucci's alleged breach of the confidential relationship." *Id.* at *5.  The court noted that the "bases for Plaintiff's unfair competition claims here suffice as the 'extra element' present to remove these claims from the preemptive reach of the Copyright Act." *Id.*

In *Medtech Products Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778 (S.D.N.Y. 2008), the court rejected an argument that claims under New York law against a competitor who replicated a company's dental product based on confidential information provided by former employees were preempted. *Id.* at 816-18.  The court explained that the "theory" or "underlying purpose" of the claim was breach of a confidential relationship, and concluded that the "unfair competition claims are based on an 'additional element' of breach of duty or trust." *Id.* at 818.

7

In *CVD Equipment Corp. v. PrecisionFlow Technologies, Inc.*, No. 1:02-CV-651, 2007 WL 951567 (N.D.N.Y. Mar. 27, 2007), the plaintiff brought an unfair competition claim under New York law based on their former employees' misappropriation of "proprietary materials and/or confidential information through an abuse of confidential and/or fiduciary relationships." *Id.* at *2. The court found no preemption, holding that allegations of abuses of confidential or fiduciary relationships "are sufficient to allege the extra element." *Id.* (citing *Briarpatch*, 373 F.3d at 305-06; *Computer Assocs.*, 982 F.2d at 717-18).

In a related (but distinct) case, *PrecisionFlow Technologies, Inc. v. CVD Equipment Corp.*, No. 1:99-CV-1536, 2007 WL 844893 (N.D.N.Y. Mar. 19, 2007), the court likewise rejected arguments that an unfair competition claim based on misappropriation was preempted, finding that material issues of fact remained with respect to whether a "breach of a duty of confidence" occurred and noting that such a breach could be the requisite "extra element." *Id.* at *13.

In *Hogan v. DC Comics*, No. 96-CV-1749, 1997 WL 570871 (N.D.N.Y. Sept. 9, 1997), the plaintiffs alleged that DC Comics rejected their idea for a comic book and then published a comic book based on their characters, suing for both copyright infringement and common law misappropriation. The court found no preemption, explaining that the complaint alleged "misappropriation via breach of

8

duty," given the "existence of a legal relationship," and thus contained the requisite "extra element." *Id.* at *5.

In addition to disproving any supposed tension between the Panel's decision and the way other federal courts have analyzed New York law, these holdings, and many others,[3] are consistent with the general approach that in analyzing preemption, courts "must consider the range of potential theories of unfair competition." *Balboa Ins. Co. v. Trans Glob. Equities*, 218 Cal. App. 3d 1327, 1343 (Cal. Ct. App. 1990) (cited favorably in *Computer Assocs.*, 982 F.2d at 717). Where a misappropriation claim is based on a breach of a confidential relationship, that breach is an "extra element."[4]

---

[3]    *See, e.g.*, *Enhanced Computer Sols., Inc. v. Rose*, 927 F. Supp. 738, 740 & n.2 (S.D.N.Y. 1996) (no preemption of claim for tortious interference with prospective economic advantage where the gravamen of the claim "is one for misappropriation or breach of a confidential relationship"); *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 375-76 (E.D.N.Y. 2014) (no preemption of trade secret misappropriation claim where the "allegations suggest the existence of a confidential relationship"); *Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*, No. C-01-20813 RMW, 2007 WL 2429653, at *9 (N.D. Cal. Aug. 24, 2007) (no preemption of misappropriation of trade secrets and unfair competition claims where "basis" for the claims was breach of a non-disclosure agreement); *Sinclair Broad. Grp., Inc. v. Colour Basis, LLC*, No. CV CCB-14-2614, 2016 WL 3541204, at *9 (D. Md. June 29, 2016) (no preemption of unfair competition claim "focuse[d] not just on the alleged unauthorized copying" but also on "deception"); *Moneygram Payment Sys., Inc. v. Enter. Payment Sols., LLC*, No. 1:05-CV-172, 2008 WL 11342576, at *4 (E.D. Tenn. Jan. 18, 2008) (no preemption of unfair competition claims based on alleged confidential relationship between the parties).

[4]    *See Computer Assocs.*, 982 F.2d at 717 ("[M]any state law rights that can arise in connection with instances of copyright infringement satisfy the extra element test, and thus are not preempted by section 301.  These include unfair competition claims based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets."); *Stromback v. New Line Cinema*, 384 F.3d 283, 302 (6th Cir. 2004) ("[A]

In line with this precedent, this Court has acknowledged the corollary that "claims requiring a breach of fiduciary duty 'add[ ] an extra element that makes the claims qualitatively different from a claim of copyright infringement.'" *R.W. Beck*, 577 F.3d at 1147 (quoting *Briarpatch Ltd., LP v. Phoenix Pictures, Inc.*, 373 F.3d 296, 307 (2d Cir. 2004))[5]; *see also Gates Rubber*, 9 F.3d at 847-48 (noting, as to trade secret misappropriation, that "breach of a duty of trust or confidence . . . supplies the 'extra element'").

In contrast to "unfair competition claims based upon breaches of confidential relationships," federal copyright law "preempts claims *grounded solely in the copying* of a plaintiff's protected expression." *Kregos*, 3 F.3d at 666 (emphasis added) (citing *Computer Assocs.*, 982 F.2d at 716). The legislative

---

misappropriation claim will survive preemption if it alleges an extra element, such as a confidential or fiduciary relationship."); *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1441 (9th Cir. 1993) ("In the cases that indicate that a claim for misappropriation is still tenable, the extra element tends to be apparent. For example . . . breach of a confidential relationship."); *Harbor Software, Inc. v. Applied Sys., Inc.*, 887 F. Supp. 86, 89 (S.D.N.Y. 1995) ("State law causes of action that have been held not to be preempted by the Copyright Act include breach of confidentiality, breach of trust, unfair competition, and trade secret misappropriation."); *Kindergartners Count, Inc. v. Demoulin*, 171 F. Supp. 2d 1183, 1192 (D. Kan. 2001) ("Proof of a confidential relationship and its breach are extra elements that distinguish this unfair competition claim from the copyright infringement claim."); *see also* Nimmer, *Computer Technology*, *supra*, § 3:63 ("Allegations that a contract or a confidence has been breached clearly fall beyond the allegations necessary for copyright infringement. . . . [C]laims grounded in enforcing rights in any special relationship are not preempted.").

[5]     *Briarpatch* relied on *Computer Associates*, which held that breach of a confidential relationship, like breach of fiduciary duty, may be an "extra element." *See Briarpatch*, 373 F.3d at 307 (citing *Computer Assocs.*, 982 F.2d at 717).

history of the Copyright Act underscores this distinction, as the Congressional House Judiciary Committee Note accompanying § 301 stated that "certain common law rights 'would remain unaffected as long as the causes of action contain elements, such as *invasion of personal rights or a breach of trust or confidentiality, that are different in kind from copyright infringement*.'"  *Dun & Bradstreet*, 307 F.3d at 217 (emphasis added) (quoting House Report No. 94–1476).  IBM's cited cases pertain to claims "grounded solely in the copying" of protected expression and are therefore inapposite to SCO's claim.  IBM has cited no case, and SCO is aware of none, where a court has held that the Copyright Act preempts a New York common law claim for misappropriation in bad faith and breach of a confidential relationship.

## II.   THE PANEL CORRECTLY HELD THAT SCO'S UNFAIR COMPETITION CLAIM CONTAINS THE "EXTRA ELEMENT" OF BAD FAITH BREACH OF A CONFIDENTIAL RELATIONSHIP

In line with the arguments that SCO made and the precedent it cited in its reply brief on appeal, the Panel held that IBM's breach of its confidential relationship of trust with SCO was qualitatively different than its unauthorized copying of SCO's SVr4 code – consisting, for example, of IBM "pretending to support Project Monterey and releasing a sham version of the IA-64 Product in order to legitimize its use of SCO's code."  (Order at 18-22, 26-28.)  This misconduct is not remotely redundant of a copyright violation.

11

IBM argues (at 1-2) that the Panel "overlooked or misapprehended" that a requirement of "a showing of bad faith has uniformly been held to be insufficient to avoid preemption."  In addition to misapprehending the relevant law, as explained above, this contention ignores the Panel's analysis of the independent tort doctrine.  The Panel rejected IBM's argument that SCO's unfair competition claim was dependent on an underlying contract.  (Order at 19-22.)  The claim is an "independent tort" based not merely on the misappropriation of SCO's intellectual property, but on the breach of the "duty not to take a business collaborator's property in bad faith and without his consent in order to compete against that owner's use of the same property" in the course of a "business relationship in which each reposed a degree of trust and confidence in the other."  (*Id.* at 22.)

Accordingly, when the Panel addressed preemption, it was writing with respect to *SCO's* unfair competition claim – an "independent tort" grounded on the "bad faith" breach of the duty of "trust and confidence" – not some other claim. The Panel specified as much:  "*SCO's claim* is not 'equivalent' to a federal copyright infringement claim."  (*Id.* at 28 (emphasis added).)  The Panel's holding is correct:  SCO's unfair competition claim, as the Panel determined, is predicated on misappropriation in the context of IBM's breach of a confidential relationship. This breach satisfies the "bad faith" element of New York law and provides the

requisite extra element of a breach of confidential relationship, such that SCO's

claim is not preempted.  (*See* Part I, above.)

## III.  THE CASES IBM CITES DO NOT IN ANY RESPECT UNDERMINE THE PANEL'S HOLDING

IBM's petition largely consists of inaccurate or inapposite propositions of

law and equally inapposite cases.  IBM argues (at 8) that "courts addressing New

York law of unfair competition based on misappropriation have expressly rejected

the argument that the claim's bad-faith element precludes preemption."  This is, as

shown above, false.  The cases IBM cites do not address misappropriation claims

based on confidential relationships.  Some of the cases make clear, moreover, that

misappropriation claims based on breaches of confidential relationships contain an

"extra element" and thus are not preempted.[6]

IBM states (at 4) that "[c]ourts analyzing New York unfair competition

claims based on misappropriation have consistently held that such claims are

preempted by Federal copyright law."  This is true – where the misappropriation is

grounded *solely* on copying or distribution (possibly with scienter) and does not

---

[6]    *See, e.g.*, *R.W. Beck*, 577 F.3d at 1147; *Kregos*, 3 F.3d at 666; *Computer Assocs.*, 982 F.2d at 717; *see also Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 909 (2d Cir. 2011) (Raggi, J., concurring) (unfair competition claims "based on breaches of fiduciary duty, contractual promises of confidentiality, or trade secrets often survive preemption because 'the underlying right they seek to vindicate is the right to redress violations of' a particular duty or promise different from an exclusive right protected by copyright") (quotations omitted); *accord Irwin v. ZDF Enters. GmbH*, No. 04 CIV. 8027 (RWS), 2006 WL 374960, at *5 n.4 (S.D.N.Y. Feb. 16, 2006).

contain an extra element. The decision in *Barclays*, 650 F.3d 876, for instance, involved the alleged misappropriation of stock recommendations; defendant was not engaged in any business or other confidential relationship with the firms from which it allegedly misappropriated, and the firms did not base their claim on a breach of such relationship or any other "extra element" besides mere copying and distribution. *Id.* at 909.

In the face of such precedent, IBM dwells on case law addressing causes of action other than New York unfair competition claims. None of this precedent contradicts the Panel's analysis of SCO's claim. IBM cites *Computer Associates*, moreover, but fails to acknowledge the language *on the very page that it cites* that "unfair competition claims based upon breaches of confidential relationships" are *not* preempted. 982 F.2d at 717 (internal quotations omitted); *see also id*. at 716 (courts "must determine what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced").

Finally, IBM tries but fails to distinguish the cases that SCO cited in its reply brief on appeal. IBM first attempts (at 14) to dismiss certain holdings on the basis that they do not arise under New York law – without addressing the substance of the courts' preemption analyses or the factual similarities between the

14

breaches of confidential relationships in those cases and this one.[7]  IBM also

criticizes SCO's citation to *Huckshold*, arguing (at 15, with its own emphasis) that

"SCO failed to mention that it was a *breach of contract* claim that the *Huckshold*

court found was *not* preempted."  But the court *also* held that plaintiff's

misappropriation of trade secrets claim was not preempted.  *Huckshold v. HSSL,*

*L.L.C.*, 344 F. Supp. 2d 1203, 1210 (E.D. Mo. 2004).  Unlike SCO's unfair

competition claim, moreover, the preempted tortious interference claim in

*Huckshold* involved no extra element.  *Id.* at 1208-09.  SCO's claim thus parallels

the misappropriation of trade secret claim that was *not* preempted – and which

IBM ignores.

---

[7]     IBM attempts (at 14) to distinguish *Kindergartners*, for example, as a case
"analyzing common law claims relating to breaches of fiduciary relationship and palming
off brought under Kansas law."  But the claim that the court was analyzing is labeled
"Unfair Competition." 171 F. Supp. at 1190.  Further, the court distinguished among
the various allegations constituting the claim, finding that the claims were preempted
inasmuch as the plaintiff was alleging "a simple misappropriation theory of unfair
competition," but finding that the claims were not preempted inasmuch as plaintiff
alleged breach of a confidential relationship.  *Id.* at 1192.

15

## <u>CONCLUSION</u>

SCO respectfully submits, for the reasons set forth above, that the Court

should deny IBM's petition for rehearing and rehearing en banc.

Respectfully submitted on this 1st day of December, 2017

<u>/s/ Edward Normand</u>
David Boies                                          Brent O. Hatch (5715)
Edward Normand                                HATCH, JAMES & DODGE,
BOIES SCHILLER FLEXNER LLP        10 West Broadway, suite 400
333 Main Street                                   Salt Lake City, Utah 84101
Armonk, NY 10504                            Telephone 801-363-6363
Telephone:  914-749-8200

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone:  954-356-0011

*Counsel for The SCO Group, Inc.,*
*by and through Edward N. Cahn as Chapter 11 Trustee*

16

## <u>CERTIFICATE OF SERVICE</u>

I, Edward Normand, hereby certify that on this 1st day of December, 2017, a true and correct copy of the foregoing Response of Plaintiff-Appellant, The SCO Group, Inc., to Petition for Rehearing and Rehearing En Banc of Defendant-Appellee, International Business Machines Corporation was filed with the court and served via electronic mail to the following recipients:

> AMY F. SORENSON
> AMBER M. METTLER
> SNELL & WILMER, L.L.P.
> 15 W. South Temple, Suite 1200
> Salt Lake City, UT 84101
> (801) 257-1900
>
> EVAN R. CHESLER
> DAVID MARRIOTT
> CRAVATH, SWAINE & MOORE LLP
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019
> (212) 474-1000
>
> *Attorneys for Defendant-Appellee*

> /s/Edward Normand
> Edward Normand
> Boies Schiller Flexner LLP
> 333 Main Street
> Armonk, NY 10504
> Telephone: 914-749-8200
> Facsimile: 914-749-8300
> enormand@bsfllp.com

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

The undersigned certifies with respect to this filing that no privacy

redactions were necessary.  This Response of Plaintiff-Appellant, The SCO Group,

Inc., to Petition for Rehearing and Rehearing En Banc of Defendant-Appellee,

International Business Machines Corporation submitted in digital form is an exact

copy of the written document filed with the Clerk.  The digital submission has been

scanned for viruses with the most recent version of a commercial virus scanning

program (using Symantec Antivirus which is updated weekly) and, according to

the program, is free of viruses.

Dated: December 1, 2017

> /s/ Edward Normand
> Edward Normand
> Boies Schiller Flexner LLP
> 333 Main Street
> Armonk, NY 10504
> Telephone: 914-749-8200
> Facsimile:  914-749-8300
> enormand@bsfllp.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief's typeface and type style comply with Fed. R. App. P.

35(a)(5), because this brief has been prepared in a proportionally spaced typeface

using Microsoft Word 2007 in 14-point Times New Roman font.  I certify that this

brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A), (3)

and 40(b)(1) because this brief contains 3,874 words, excluding the parts of the

brief exempted by Fed. R. App. P. 32(f) and 10th Cir. R. 32(b).  I further certify

that no privacy redactions are required under this Court's Policies and Procedures.


Dated: December 1, 2017

/s/ Edward Normand
Edward Normand
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Telephone: 914-749-8200
Facsimile:  914-749-8300
enormand@bsfllp.com

19

## CERTIFICATE OF PAPER COPY COMPLIANCE

I certify that I caused six paper copies of the Response of Plaintiff-Appellant, The SCO Group, Inc., to Petition for Rehearing and Rehearing En Banc of Defendant-Appellee, International Business Machines Corporation to be delivered via FedEx overnight delivery to the Clerk of the Court on December 1, 2017.

Dated: December 1, 2017

/s/ Edward Normand
Edward Normand
Boies Schiller Flexner LLP
333 Main Street
Armonk, NY 10504
Telephone: 914-749-8200
Facsimile:  914-749-8300
enormand@bsfllp.com